IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| CHRIS RICKMAN ) | |
| ) | |
| Plaintiff ) | |
| vs. ) | Civil Action No.:   1:08-CV-00122-AMD |
| ) | |
| PEROUTKA & PEROUTKA, P.A. ) | |
| ) | |
| Defendant ) | |

**DEFENDANT PEROUTKA & PEROUTKA, P.A.'S MEMORANDUM OF LAW IN RESPONSE TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS**

I.   THE ALLEGATIONS IN THE AMENDED COMPLAINT DO NOT STATE A CLAIM UNDER 15 U.S.C. § 1692f

In response to Defendant's motion to dismiss, Plaintiff argues that "the omission of the §1692e(11) notice also violates §1692f" (DE 12 at p.8).  Plaintiff cites offers no legal authority for the proposition that a violation of the FDCPA's disclosure requirement found at 15 U.S.C. §1692e(11) also renders the collector liable for engaging in unfair collection practices prohibited by 15 U.S.C. § 1692f.  This principle of derivative liability was recently rejected by another District Court.  See, Taylor v. Heath W. Williams, L.L.C., 514 F.Supp. 2d 1206, 1217 (N.D. Ga. 2007).

Absent an allegation of a specific act violative of 15 U.S.C. § 1692f, the purported failure to provide the notice mandated by 15 U.S.C. § 1692e(11) does not suffice to state a cause of action under §1692f.

II.   EVEN IF THE PLAINTIFF HAD THE RIGHT TO ORALLY DISPUTE HIS DEBT, THIS RIGHT MERELY PREVENTS A DEBT COLLECTOR FROM ASSUMING THE DEBT VALID BUT DOES NOT PROHIBIT FURTHER COLLECTION OF THE DISPUTED DEBT

1

In his Amended Complaint, Rickman asserts that the Defendant law firm communicated with him numerous times about a debt he did not owe (Am. Compl. ¶ 8). He claims he disputed the debt (Am. Compl. ¶ 10) and that the law firm told him that his dispute would have to be in writing "in conflict with the previous communications that advised Plaintiff he could orally dispute the debt." (Am. Compl. ¶ 11). He asserts that by continuing to collect a disputed debt, the Defendant law firm violated the FDCPA.

In moving to dismiss this claim, the Defendant provided authority supporting the proposition that a dispute under the FDCPA must be in writing. See, Graziano v. Harrison, 950 F.2d 102, 112 (3rd Cir. 1991). Plaintiff has cited District Court cases that have disagreed with the Third Circuit's holding. However, even if this Court determines that a debtor may orally dispute a debt under the FDCPA, an oral dispute does not require the cessation of collection activity. Instead, the fact that a debt is disputed merely prohibits a debt collector from assuming the validity of the debt. See, 15 U.S.C. § 1692g(a)(3). Moreover, if the collector furnishes credit information to third parties, the collector is also required to notify third parties that the debt is in dispute. See, 15 U.S.C. § 1692e(8).

It is only where a debtor disputes a debt <u>in writing</u> within thirty (30) days of the collector's first communication that the collector must cease collection of the account until the debt is verified. See, 15 U.S.C. § 1692g(a)(4). A debtor who makes a valid written dispute under this subpart wields significant power. The written dispute triggers that the requirement that the debt be validated and ties the collector's hands from pursuing further collection action until validation is provided. In contrast, an oral dispute only negates the collector's right to assume the debt valid, an assumption that carries minimal consequences given that "the failure of

2

a consumer to dispute the validity of a debt . . . may not be construed by any Court as an admission of liability." 15 U.S.C. § 1692g(c).

Within this framework, it is clear that Plaintiff has failed to set forth the cause of action under 15 U.S.C. § 1692g. All the cases discussing whether or not a debt can be disputed orally focused on the initial communication with the consumer and whether an initial validation of debts notice requiring a written dispute violates 15 U.S.C. § 1692g. See, e.g., Rosado v. Taylor, 324 F.Supp. 2d 917, 928 (N.D. Ind. 2004) (collector added impermissible caveat to the initial disclosure letter that the debtor's dispute must be in writing). Here, there is no allegation that the initial validation notice to Rickman failed to include a statement that he could orally dispute the debt. In fact, he concedes that he received validation of the debt after his dispute (Am. Compl. ¶ 14), but complains that the account statement provided was inaccurate.

Treating the allegations in the Amended Complaint as true, the most that Rickman makes out in his 15 U.S.C. § 1692g complaint is that Peroutka & Peroutka continued to collect on a debt that he orally disputed. Although the law firm no longer had the right to assume the debt valid, it was within its rights under the FDCPA to continue collection of the disputed debt.[1]

III.  THE DEFENDANT LAW FIRM IS NOT SUBJECT TO PLAINTIFF'S CLAIMS UNDER MARYLAND'S CONSUMER PROTECTION STATUTE

Plaintiff contends that he has sued the Defendant not as a law firm but as a collection agency. The law firm of Peroutka & Peroutka, P.A. is organized as a professional corporation under the laws of the State of Maryland, as evidenced by its registration with the Maryland State

---

[1] Rickman has not alleged that he either demanded a cessation of communication in writing or refused to pay the debt in writing. See, 15 U.S.C. § 1692c(c). Had he done so, the Defendant would be barred from further communications, but could still file suit for its client. See, Heintz v. Jenkins, 514 U.S. 291, 296, 115 S. Ct. 1489 (1995).

3

Department of Assessments and Taxation.  <u>See</u>, Exhibit 1.[2]  Peroutka & Peroutka, P.A.'s filing is in accordance with the provisions of §5-101(g)(1), Corp. & Assoc., Md. Code Ann. which permits registration as a professional corporation to those who provide services[3] that "may lawfully be rendered only by a person licensed or otherwise authorized by a licensing unit in the state to render the service and that may not lawfully be rendered by a corporation." [4] §5-101(g)(1).

Plaintiff knows that Defendant Peroutka & Peroutka is a law firm.  His assertion that the Defendant is a collection agency is a disingenuous and cynical contrivance designed to defeat this motion.  Given the evidence in public records that Peroutka & Peroutka has duly registered its law firm as a professional corporation, Plaintiff's frivolous assertion that the Defendant is a collection agency and not a law firm must be rejected.

As explained it its earlier filed memorandum, the Defendant law firm has established that there is no cause of action under any of the Maryland consumer protection statutes pled by the Plaintiff. This Court should therefore dismiss all claims under Maryland law, with prejudice.

IV.   CONCLUSION

The Defendant law firm asks that Plaintiff's claims under 15 U.S.C. § 1692f and §1692g be dismissed, with prejudice, and that all claims under Maryland law similarly be dismissed.

---

[2] The SDAT record may be considered in ruling on a motion to dismiss.  <u>See</u>, <u>Secretary for State of Defense v. Trimble Navigation, Ltd.</u>, 484 F.3d 700, 705 (4th Cir. 2007) ("in reviewing the dismissal of a complaint under Rule 12(b)(6), we may properly take judicial notice of matters of public record.")

[3] "Professional services" include "services provided by an attorney."  §5-101(g)(2)(ii), Corp & Assoc., Md. Code Ann.

[4] Corporations may lawfully obtain a license to operate as a collection agency under Maryland law. <u>See,</u> § 7-101, Bus. Reg., Md. Code Ann.

                    WOLPOFF & ABRAMSON, L.L.P.

BY:   /s/ Ronald S. Canter
        Ronald S. Canter, Esquire, Bar #01024
        Two Irvington Centre
        702 King Farm Blvd.
        Rockville, MD  20850-5775
        (240) 386-3000
        Attorney for Defendant

## CERTIFICATE OF SERVICE

The undersigned does hereby certify that a true and correct copy of the Defendant Peroutka & Peroutka, P.A.'s Memorandum of Law in Response to Plaintiff's Opposition to Defendant's Motion to Dismiss, was served upon the individual listed below by Electronic Case Filing and First Class Mail, Postage Prepaid on this 18th day of March, 2008 to:

        Bernard T. Kennedy, Esquire
        207 Miles River Court
        Odenton, MD  21113
        Attorney for Plaintiff


        /s/ Ronald S. Canter
        Ronald S. Canter, Esquire
        Attorney for Defendant